# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1067-22

E.D.L.R.,[1]

    Plaintiff-Respondent,

v.

R.R.V.-R.,

    Defendant-Appellant.

_____

Submitted February 7, 2024 – Decided April 24, 2024

Before Judges Currier and Firko.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Hudson County, Docket No. FV-09-2107-21.

Michael F. Wiseberg, attorney for appellant.

Respondent has not filed a brief.

PER CURIAM

---

[1] We use initials to protect the parties' privacy and the confidentiality of these proceedings. R. 1:38-3(d)(10).

After remand, defendant appeals from the final restraining order (FRO) entered against him under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35. Following our review of the first appeal, we affirmed the court's finding of the predicate act of harassment but remanded for the court "to provide a more comprehensive statement of [its] findings of fact and conclusions of law as to whether plaintiff needs an FRO for her protection under the second prong of Silver v. Silver, 387 N.J. Super. 112, 126 (App. Div. 2006)." E.D.L.R. v. R.R.V.-R., No. A-0074-21 (App. Div. Oct. 6, 2022) (slip op. at 2) (italicization omitted).

On remand, the court issued a comprehensive oral decision on November 3, 2022, concluding plaintiff required an FRO for her protection and entering an FRO. We affirm substantially for the reasons expressed by the court in its November 3, 2022 decision.

The facts are established in our first opinion, and we need not repeat them at length here. Essentially, the parties were in a dating relationship and after it ended, plaintiff moved out of defendant's apartment. We stated:

> Plaintiff testified after their relationship ended, defendant would call her on the phone "[s]even, eight times a day," and sometimes she answered the phone. Defendant told plaintiff that she "couldn't drop him," and he insulted her by calling her "stupid," "dumb," and "a b-tch." On some occasions, defendant would say to

2

plaintiff she "could not leave him" and she would "be sorry if [she] did, that he was going to make [her] life impossible." Plaintiff submitted records of the phone calls and text messages into evidence corroborating her testimony, including the screenshot of defendant kissing another woman that he sent to [plaintiff's niece]. Plaintiff testified she is "very afraid to go outside on [her] own" and that she is "fearful" for her life.

[Id. at 5-6 (all but second and second to last alterations in original).]

The trial court found that the repeated phone calls and the photograph "show[] that . . . [d]efendant acted with [a] purpose to harass . . . [p]laintiff." Id. at 7 (all but first alterations in original). Therefore, the court found "defendant committed the predicate act of harassment." Ibid. However, the court did not provide detailed findings as to why plaintiff required an FRO for her protection.

On remand, the court considered the statutory factors under N.J.S.A. 2C:25-29(a)(1) to (6) and made additional findings of facts and conclusions of law. The court stated that "given the prior history, abusive communications, and ongoing escalating threats, [it found] that the second prong of Silver [wa]s satisfied and there [wa]s an immediate danger to plaintiff, and there exists a need for an FRO to prevent future acts of abuse."

In this appeal, defendant asserts the court erred in its Silver analysis and in entering the FRO. We disagree.

3                                                                    A-1067-22

In reviewing a court's decision to grant or deny an FRO, "we accord great deference to discretionary decisions of Family Part judges," Milne v. Goldenberg, 428 N.J. Super. 184, 197 (App. Div. 2012), in recognition "of the family courts' special jurisdiction and expertise in family matters." N.J. Div. of Youth & Fam. Servs. v. M.C. III, 201 N.J. 328, 343 (2010) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). "[F]indings by the trial court are binding on appeal when supported by adequate, substantial, credible evidence." Cesare, 154 N.J. at 411-12 (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Hitesman v. Bridgeway, Inc., 218 N.J. 8, 26 (2014) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

The entry of a domestic violence restraining order requires a trial court to make certain findings. See Silver, 387 N.J. Super. at 125-28. The court "must determine whether the plaintiff has proven, by a preponderance of the credible evidence, that one or more of the predicate acts set forth in N.J.S.A. 2C:25-19[(a)] has occurred." Id. at 125 (italicization omitted); see, e.g., N.J.S.A. 2C:25-19(a)(2). If a trial court finds a defendant has committed a predicate act

4

of domestic violence, it next must determine if a restraining order is needed for the victim's protection. <u>Silver</u>, 387 N.J. Super. at 126.

As stated, in the first appeal, we did not disturb the trial court's finding that defendant committed the predicate act of harassment. Our review of the remand proceeding reflects the court thoroughly reviewed the facts and its credibility determinations, and concluded plaintiff needed an FRO for her safety. We are satisfied the court had a sufficient basis to conclude that an FRO was appropriate and necessary in this case. Given the particular expertise of Family Part judges, it is not our place to second-guess an exercise of discretion to enter an FRO when supported by "adequate, substantial, credible evidence," as was present here. <u>Cesare</u>, 154 N.J. at 411-12.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1067-22